```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
                                                ELECTRONICALLY FILED
-------------------------------------------- X  DOC #:
 MELBA CABALLERO,                            :  DATE FILED:  6/25/2019
                                             :
                               Plaintiff,    :       18-CV-7794 (VEC)
                                             :
               -against-                     :           ORDER
                                             :
                                             :
 COMMISSIONER OF SOCIAL SECURITY,            :
                                             :
                               Defendant.    :
-------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Melba Caballero brings this suit under 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security ("the Commissioner) denying her application for Disability Insurance Benefits and Supplemental Security Income. *See* Dkt. 2 (Compl.). On September 25, 2018, this Court referred the case to Magistrate Judge Stewart D. Aaron for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b). *See* Dkt. 9. On February 27, 2019, the Commissioner moved to reverse the Commissioner's decision and remand the case for further administrative proceedings. *See* Dkts. 14-15. Plaintiff never responded to the motion, and the Commissioner has been unable to contact her. *See* Dkt. 20 (R&R) at 2. On May 20, 2019, Judge Aaron recommended that the Commissioner's motion be granted. *See id.*

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no timely objection has been made by either party, a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted).

Neither party has objected to the Report and Recommendation, so the Court reviews it for clear error. The Court finds none. The Report and Recommendation correctly identifies three legal errors in the ALJ's final decision that merit remand for further proceedings. *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999) ("Failure to apply the correct legal standards is grounds for reversal." (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)). First, the record does not support the ALJ's rationale for finding that Plaintiff retained a residual functional capacity for medium work. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (remand for further findings or a clearer explanation for decision necessary where court cannot determine ALJ's rationale in relation to evidence in record). Second, the ALJ's decision assumed without adequate evidence that Plaintiff speaks English. Third, the ALJ did not develop the record to include evidence from Plaintiff's treating doctors, despite the ALJ's affirmative duty to do so. *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009); *see Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (ALJ is under affirmative duty to develop claimant's medical history where there are gaps in record). Finally, remand is appropriate only for further proceedings—and not for payment of benefits—because the record does not unequivocally support a finding of disability. *See Mazara v. Comm'r of Soc. Sec.*, No. 17-CV-02759 (PAE) (GWG), 2017 WL 6029165, at *3 (S.D.N.Y. Dec. 5, 2017). The Court finds no reason to disagree with the Report and Recommendation, let alone has it identified any clear error.

## CONCLUSION

Because careful review of the report reveals no clear error, the Court adopts the report in full and grants the Commissioner's motion. The Commissioner's final decision is REVERSED, and the case is REMANDED for further administrative proceedings consistent with Judge Aaron's report.

The Report and Recommendation having given the parties adequate warning, the parties' failure to file written objections to the report precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is respectfully directed to remand the case, terminate all open motions, and then terminate the case from the docket.

**SO ORDERED.**

Date:  **June 25, 2019**                           **VALERIE CAPRONI**
        **New York, New York**                 **United States District Judge**